J-S18014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JONATHAN GRANT :
:
Appellant : No. 117 EDA 2023

Appeal from the PCRA Order Entered December 9, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003705-1991

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 18, 2023**

Jonathan Grant appeals from the order entered in the Bucks County Court of Common Pleas on December 9, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 as untimely. After careful review, we affirm.

In 1992, a jury convicted Grant of first-degree murder, recklessly endangering another person, possession of an instrument of crime, and flight to avoid apprehension arising from charges that Grant fatally shot Nora Adderly, a 41-year-old woman who shared an apartment with Grant. After the jury deadlocked on the issue of the death penalty, the trial court sentenced Grant to life imprisonment without parole. We affirmed the judgment of

_____

[*] Former Justice specially assigned to the Superior Court.

sentence on direct appeal. On September 12, 1994, the Pennsylvania Supreme Court denied Grant's petition for allowance of appeal. Grant did not appeal to the United States Supreme Court.

In the more than two decades that have passed, Grant has filed eleven unsuccessful PCRA petitions.

On March 4, 2022, Grant filed the instant PCRA petition, his twelfth. PCRA counsel was appointed but did not file an amended petition. Instead, counsel filed a **Turner/Finley**[1] no-merit letter, along with a petition to withdraw as counsel. After a hearing, the court notified Grant that it was granting counsel's motion to withdraw, and that it intended to dismiss the petition pursuant to Pa.R.Crim.P. 907. After considering Grant's response, the PCRA court dismissed the PCRA petition. This timely appeal followed.

Prior to reaching the merits of Grant's claims on appeal, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Grant's judgment of sentence became final in December 1994, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than two decades later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Grant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal. *See*

*Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Grant attempts to invoke Section 9545(b)(1)(ii), i.e., the newly discovered fact exception. Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts earlier by the exercise of "due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

To invoke the newly discovered fact exception, Grant relies on a Philadelphia Inquirer article from 1992. Grant highlights that the article reports that John Neris, who is wheelchair bound, testified that Grant previously shot him. Grant argues that the article proves Neris testified during the guilt phase of the trial.

The actual "fact" for purposes of Section 9545(b)(1)(ii) would not be the article itself, but rather the "fact" that the district attorney allowed Neris to testify during the guilt phase of trial to an unrelated prior crime. However, this is not a "newly discovered fact." Grant was present during trial proceedings and sat through all of the testimony offered by the Commonwealth. That Grant found a newspaper article reiterating who testified, and when, does not satisfy the newly discovered fact exception to the PCRA's time-bar. It is not the source of the facts - i.e., a newspaper article - but rather the information contained in the source which may satisfy the newly discovered facts exception.

Further, Grant misreads the article. Grant purports the article indicates Neris testified after Raymond Morris, and accordingly Neris must have testified on January 9, 1992, since Morris testified on January 8, 1992. However, the article actually states that Neris testified "after Raymond Morris … repeated his earlier testimony that Grant acknowledged killing Adderly because she knew of Neris' shooting." The article, which was published on Wednesday, January 15, 1992, clearly states that Grant was convicted "on Monday", which would have been January 13, 1992. The article then states that Neris's testimony came "[b]efore the jury began its deliberations yesterday", which would have been Tuesday, January 14, 1992. As Grant was convicted on Monday, January 13, 1992, the article indicates that Neris's testimony came during the penalty phase of trial proceedings.

Finally, Grant has failed to demonstrate he exercised due diligence in finding the article. The article was published in 1992. The only explanation Grant offers for the delay in locating the article is that he only recently decided to ask his nephew to look into articles regarding his trial. Grant offers no explanation for why he did look into these articles in the more than two decades that passed since his trial.

Accordingly, Grant has failed to plead and prove the newly-discovered facts exception to the PCRA jurisdictional time-bar. Consequently, the PCRA court lacked jurisdiction to review Grant's PCRA petition, and we may not review the substance of the petition on appeal.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2023